Good morning, your honors. It's Adam Henderson from the Office of the Federal Public Defender. I represent Appellant Atorbe Isibor. I'm planning to reserve two minutes for rebuttal, and I'm going to start with the venue issue and hopefully have some time for the 404-B. Let me ask you about that. So I have looked at a copy that's much clearer that I gather was attached maybe in connection with some motion that was litigated, and it clearly says Lomita, California. It's plain as day. There's no ambiguity whatsoever there. I recognize that that's not the version that was sent to the jury, but since the jury was never asked to make a factual finding on this point, does that matter? It's the government's burden one way or another. Whether the jury instruction was requested, whether the jury instruction was given, whether the jury was asked to do it, the government bears the burden of demonstrating to the jury that this is the correct district, that this is the district in which the offenses took place. The exhibit that actually went into evidence is blurry, can't be read, and even to the extent one could puzzle out Lomita from it, it also doesn't say what the Lomita stamp means, whether that's where it was processed, whether that's where it was submitted. I'm sure once you get to the place of being able to read it, a rational jury could infer that that's what it signifies, is that somebody in the office at that location stamped it with that stamp. But I guess I'm just puzzled by, I mean, this would be, you talk about a technicality, my God. I mean, the document that was given to the jury, in fact, does have a stamp that says Lomita. We know that in the real world. The fact that they couldn't read it, it's sort of irrelevant because there would be no reason for them to focus on that given that your client never made any issue of the venue. I don't think it's a technicality. I mean, I think there's some case law, I said in my brief, saying that a venue is not a mere technicality. The government has to prove it. No, it's a technicality because you would concede, or if you wouldn't, you'd be unreasonable in not doing so. But if the clear copy had been sent into the jury, I'm saying a rational jury certainly could infer from that piece of paper that venue was proper. And I'm saying that that piece of paper was given to them. It's just that the version that they got, the copy, was blurry. But we, us judges sitting here, know that actually the thing that they had before them, if they'd just been given a better copy, there'd be no issue. And so why in the world would we reverse the conviction on this basis? I mean, Your Honor, this court recently reversed the conviction in a stipulated facts trial where the government forgot to put in the stipulation. The stipulation existed, and the government forgot to submit it into evidence. And that's, you know, their burden is to do so. They failed to do it. That's not the same case. Look at what Judge Watford's presenting to you. It isn't as if they didn't put anything in. I mean, they put in a version of it, but they put in a version of it that was illegible. And it's, I mean, again, this is what went in front of the jury. I mean, we don't do what-ifs. What if we'd given the jury the right thing? What if we'd made a different actually got? That's what sufficiency of the evidence is. And here, the jury didn't get it. Can I ask you a question from out of left field? Why is this a jury question altogether? It's not an element of the offense. It doesn't have to be proved beyond a reasonable doubt. It's, I mean- Why is this a question for the jury altogether? And I agree that there's too much, there may be too much, too much- I think, you know, the easy answer for me is that's what Ninth Circuit case law says. If we were starting from scratch, maybe it would be different. It is an issue of fact. I mean, this is- I know, but there are issues of fact which judges decide that don't go to the jury. And this, it's not an element of the offense. It doesn't have to be proved beyond a reasonable doubt. It only has to be proved by a preponderance of the evidence. And there are Ninth Circuit cases, of course, that suggest that you have to raise this issue in your Rule 29 motion or before verdict. You just can't sit around and not raise it. But I've always been bothered by the notion that this is a question for the jury. And I mean, I'm just going to defer to the prior case law. I don't have a more intelligent answer on that. Well, speaking of your failure, your client's failure to raise this, I mean, that just strikes me again as, like, this is the worst set of facts to think about reversing a conviction. I mean, obviously, if you had said anything to contest venue, the government would have made damn sure that the copy of that thing that they sent in was the clear one, right, as opposed to the blurry one. But if we'd made them- I mean, if we'd made it in the Rule 29, their case would have been closed. They would have missed it. It's not like we've necessarily robbed them of an opportunity to get in there and do it. And, you know, a Rule- Where is that? Sorry? Where is that? There's no reason why they couldn't have offered it. I'm not saying they couldn't have offered it. I'm saying if we'd put it in Rule- If we'd raised it in Rule 29, the judge could have still had- my understanding is the district judge has authority to reopen the case, the government's case, if there's a reasonable basis for it. I'm not sure of the case law on reopening. But, I mean, it's- you know, again, I'll fall back on it. It's the government's burden. They haven't- they haven't- they didn't prove it. We could have put it forward in a Rule 29. We didn't. I have, you know, the arguments against waiver that I made in my briefs I'm happy to talk about. Would it be helpful to discuss or- No. I mean, the argument you make is legitimate. I'm just saying from a- I mean, this is just not a very sympathetic case for your client on this point. I mean, fair enough. But, again, it's, you know, it's law. There are plenty of legal things that go against our clients. I'm not faulting you. You're doing what you can. I'm not faulting you in any way. I mean, if there's a technicality for us, I don't think the court should dismiss it just because it's a technicality. I guess moving on to the 404B issue, it's a fundamental principle of our criminal justice system that a person's supposed to be convicted on the basis of the crimes actually charged. And here- and, sorry, rather than by showing that they have a propensity to commit bad acts, that, oh, they did it before, so they must have done it again. Here, however, that's exactly what happened to Mr. Isabor. The district court admitted multiple pieces of other bad acts evidence over his objection. And then the government featured that other bad acts evidence in its case in chief in such a way that it introduced evidence before it ever introduced evidence that he had of the current passport fraud. It told the jury, hey, just so you know, he's already been convicted of passport fraud. Before it introduced any evidence of the current bank fraud, it told the jury, hey, just so you know, he's already been convicted of bank fraud. That doesn't leave much of the presumption of innocence when you're letting the jury know, hey, just so you know, this is a bad guy. Well, the passport fraud one just strikes me. Your argument seems very weak there because the whole value of it was being able to compare the handwriting. You could have- the judge- I mean, if what you need is a handwriting sample, you could have put in a sanitized version of the first application for the handwriting for the picture with his admission that this was his handwriting and this was his picture and compare those. You don't have to give the jury the conviction. Yeah, I suppose. But that actually helps establish that he's admitted that this is his handwriting and that he submitted this. And so, boy, let's put these side by side. It looks awfully similar. I assume that he's the one who did it this time. I mean, there's a- there's materiality. We haven't contested materiality as to that passport fraud. But it is- I mean, it is more prejudicial than probative because you're not just saying here's his handwriting, here's his picture, he admits this is his handwriting, compare them. You're saying and he was convicted of this prior passport fraud. He's done it before, folks. He's- and they go on in their argument and they do this. He's done it before, folks. The reason you know he's done it is that he did it before. And that's really not what you're supposed to be able to do. And I don't have the most time. I'd like to hold on to some of it. I'd just point out that with regard to the other two pieces of evidence, there's the issue that the government didn't articulate precisely its evidential hypothesis for a non-propensity purpose and that the district court, as far as we can tell, did nothing to interrogate the laundry list of purposes that it- that the government threw out, really leaving this kind of unexamined issue that resulted in a lot of prejudice to Mr. Isabor. And I'll hold on to the rest of my time. Very good. Okay. Let's hear from the government. Good morning, Your Honors. May it please the Court, Alex Wyman on behalf of the United States. I want to start with venue, because although I agree with Your Honors that if we get to plain error review, the evidence submitted in the record was sufficient to overcome that plain error standard. The passport application submitted did bear the words Lomita P.O. But before getting to plain error, I want to discuss waiver to respond to some of the arguments made in the defendant's reply brief. This Court has repeatedly held that a defendant who fails to raise an objection to venue before the district court, either before the jury returns its verdict or in a Rule 29 motion, waives his right to raise venue on appeal. The defendant argues that the Supreme Court's 1992 decision in Olano overrules this longstanding precedent in this district- excuse me, in this circuit. But Olano, which never mentioned venue, explicitly held that whether a right is waivable and the circumstances necessary to constitute waiver for that right depend entirely on the right at issue. And since Olano was decided, this circuit, this Court has continuously held that venue may be waived without any affirmative evidence in the record that the defendant was personally aware of that right and wished to waive it. That's Marsh, that's Gall, that's King, De Jesus Maria, and Luong. The defendant argues that most of these cases are unpublished, and he is correct with the exception of Marsh, a in this Court. Marsh found that the defendant had waived his right to challenge venue without any affirmative evidence that he intentionally relinquished that right. What about our recent en banc decision, though? I assume Your Honor is referring to DePue? Yes. Yes, Your Honor. DePue also did not discuss venue, and so it cannot be considered to be clearly irreconcilable with Marsh, which is necessary to overrule standing precedent. I thought we established a pretty clear and general distinction between waiver and forfeiture there that applies across the board, no? That's correct, Your Honor, and then after DePue, this Court decided Guerrero, in which the Court made clear that Rule 12 defenses, such as venue, are But this is not the kind of Rule 12 challenge that, the one they're litigating is not the one that's covered by Rule 12, so Guerrero doesn't apply here. I'm talking about DePue, DePue, I couldn't remember the name, is that the name of it? Yes, Your Honor, DePue. Yeah, I thought we had just said, look, we're going to, for once and for all, we are going to make clear that the distinction between waiver and forfeiture is this. I didn't think that it was limited to the specific context that was at issue in that case, so I thought it would have, whatever this Marsh case from earlier you're talking about, I assume that was a three-judge panel decision. Yes, Your Honor. Why wouldn't that be abrogated by DePue? Well, again, I would say that because DePue, although it said this is forfeiture, this is waiver, it didn't specifically address venue. And venue, unlike the pre-sentence investigation report error in DePue, and unlike jury instructions in the Perez case cited by the defense, venue is something that very rarely comes up on the record. So unlike jury instructions in Perez, for example, or the PSR, which are always discussed by the parties and with the judge, you know, prior to either trial or to sentencing, venue was almost never discussed in the open record. As Judge Corman was explaining or commenting, it's unclear as to why it should even be a required element for the jury to decide. So to say that venue, you have to have affirmative evidence that the defendant intentionally relinquished that right would effectively make venue an unwaivable right, which would overrule longstanding precedent in this Court from Powell, Hanson, Gilbert, and Marsh. And I don't read DePue as being clearly irreconcilable with those cases, and so I do not think that it overruled those cases. But even under either standard, either venue is waived or applying the plain error standard, I agree with where I think the Court is leaning, which is that the evidence in the record is sufficient to establish the plain error review. Well, not the version that went to the jury, because that thing, you cannot tell what that stamp says. I was just commenting that my law clerk showed me a different version of that document, which is as clear as day. I don't know why you all didn't put that one in. Why did you give the fuzzy one to the jury instead of the nice, crisp, clear one that you apparently attached to some motion? I agree. In retrospect, that would have been better. I'll represent that the blurry version was the certified copy that the government received from the Department of State, which had been, I think, photocopied, which is why it was less blurry. But I think that even with that blurry copy, that is sufficient to overcome plain error review here, which the standard is, if any reasonable juror could have found by a preponderance of the evidence that that says Lomita, California. No reasonable juror could read that thing. I'm just saying, I looked at it. I cannot make out, even knowing what you guys want it to say, I couldn't figure out what the hell the thing said. So I don't think any reasonable jury could have deciphered from that vague, that fuzzy stamp that it said Lomita. Well, I would respectfully disagree with that reading of that. And I think that is especially true given that the court is required to draw all inferences in favor of the government under plain error review. And I think that's particularly true given the defense counsel's closing argument, in which he invited the jury to draw the inference that this passport application was submitted in Lomita, California, telling them, in fact, as you saw, this passport was submitted at the Lomita post office, really close by here. And so I think, given the inferences that the jury was invited to draw, it is a reasonable inference for the jury to find that that was submitted in Lomita, California, which is the standard of review if the court gets to plain error. For those reasons, the court- Does that indicate where he thought the venue should properly be laid? No, Your Honor, and that's a good question. Now, if this court were to reverse on this technicality of venue, the proper remedy, as the defendant concedes in his opening brief, would be to remand to the district court for, essentially, to dismiss the counts without prejudice and allow the government to retry those counts, in which they would simply introduce that cleaner version or ask one more question of the special agent or introduce a witness from the Lomita post office. Just to be clear, venue is not a technicality. That's not what I was saying, and I think you didn't mean to say it here. It's just what would be a technicality is that the document that was given to the jury did establish venue. You just gave them a bad copy, that's all. Correct, Your Honor. I did not mean to suggest that venue is a technicality. It's a constitutional requirement. It's a constitutional requirement. Yeah, so it's not a technicality in that sense. I agree, Your Honor. But for those reasons, I think the court should reject the defendant's challenge to venue. The court should also reject the defendant's challenges to the other act evidence that was submitted, that was introduced at trial, both because the evidence was all properly admitted by the district court and because any error in admitting such evidence was harmless, given the overwhelming evidence of guilt. Maybe you could start with the bank fraud conviction, because what is the non-propensity inference that supports the introduction of that? Very simply, it's intent. This Court has repeatedly held that similar prior acts related to state of mind should generally be admitted in cases involving fraud, dishonesty, or false statements. I'm referring to the cases cited in the government's brief, Evans, Diggs, Jenkins, and Ford. These are all fraud cases in which the Ninth Circuit in published decisions allowed evidence of prior convictions of fraud to prove fraudulent intent. This is a very different case than the other. That's fair to say. My own personal view is that they're all wrong, but I guess I'm just asking you as a factual matter. We're before the jury, and I don't even remember what his defense was to the bank fraud charges was here, but explain why the jury, knowing that he was convicted in 2011 of bank fraud, helps them determine some particular fact that's been put at issue by his defense in this trial. Well, Your Honor, this is a specific intent crime, and so to prove fraudulent intent, the government must establish that he had the requisite intent to defraud the bank. That distinguishes this case from the case cited, the Seventh Circuit drug case cited by- I'm asking you to put aside cases for a second- Yes, Your Honor. And just talk to me like I'm a juror, okay? Yes, Your Honor. So what was his defense to the bank fraud charges here? He didn't put on a case, and so, Your Honor- Okay, so you're just trying to prove his intent. Yes, Your Honor. I would say the main issues for proving the bank fraud were, one, identity, to prove he was the one submitting these checks, and two, intent. So how does knowing that he was convicted in 2011 of the same crime help you determine anything about what's at issue in this case? Other than, hey, he, as your opponent, I think, persuasively put it in his brief, he did it before. My goodness, it must be him doing it again. Well, Your Honor, I would refer back to the cases in the Ninth Circuit that- I said, put aside the cases. I understand that. I want to just hear the factual. Just walk me through the chain of inferences that gets you from point A to point B that doesn't rely on propensity. I think that he's someone who has the fraudulent intent to defraud the bank. Because he did it before. Because he has shown the fraudulent intent in the past. Not because he's- Right. That's propensity, isn't it? No, Your Honor. What's different about that than just straight propensity? That's what I guess I don't understand from our cases. I grant you what the case, you're right, what our cases say, but I'm just trying to figure out what is non- what's the non-propensity inference in that chain there? Well, I would say that- I'm not sure I have another explanation other than those cases, but I would say that the bank fraud- the conspiracy to commit bank fraud conviction was also relevant to prove modus operandi, since he had done a very similar scheme in the past, using third party personal identifying information, counterfeit identification documents, and fraudulent checks to defraud a bank. And so it was relevant for that reason as well. Did the judge give a limiting instruction here? Yes, Your Honor. The court- the district court did give a limiting instruction, and there's no challenge to the propriety of that instruction as I understand it. Okay. Thank you, Your Honor. Very good. Thank you very much. Do you have a little bit of time left for rebuttal? Thank you, Your Honor. I- I- to address harmlessness on the 404B, just because the government brought it up and I- it's something they pushed quite a bit in their briefs. I don't think that the government can claim harmlessness here in part because they just use the evidence so much in their- in their case in chief. This isn't a case where the court could go through and just excise, you know, a reference here or there. What defense did you argue? Identity. So what does that mean? That it wasn't him. That somebody else- somebody else did these acts, was the defense proffered at trial. So their intent, I mean, to go to the government's point, intent's really not- formally they have to prove it. That was argument. There was argument. There was no evidence. There was- no, there's no- there was no defense case put on, as there's often no defense case put on. Right. But- but formally what they're arguing is- what was argued below was identity, not- not intent. And, you know, it's not really a case where- And it's the identity. What is it? It wasn't his picture? Sorry? It wasn't his picture? Someone else using his picture. Somebody else using his picture. Someone else who looked similar enough to him that a, you know, a bank employee would be fooled. I suppose. I don't think it's fully articulated in the closing argument. But that, I assume, is what they'd be getting at. What if they hadn't said he was convicted, but had simply introduced the acts that under- that underlie that conviction? For which conviction, Your Honor? The one that they used. Well, they used- In 2011. The bank fraud conviction. The- well, the acts- I don't know- Well, what if they said- they didn't say he was convicted, but we're going to introduce- the judgment of conviction is arguably a shortcut. But what if they said that this is- we're going to introduce evidence that he did ABC? I don't- I don't think that would have survived a 404B analysis. The acts, despite the government's claims, the acts aren't all that similar. And if- if you're doing it for identity, there's actually specific rules for introducing identity evidence here in the Ninth Circuit. It's not enough to say there are similar features that are similar to any crime of this nature. A lot of bank frauds involve using false names or whatever. You have to have a distinguishing feature. So there's a United States v. Luna, 21F3874, talks about Mickey Mouse ears. You can't say two bank robberies are the same because there were guns, because there were masks, because there were bags and shoes. You got to have something like Mickey Mouse ears. There are no Mickey Mouse ears in this case. There's nothing distinctive enough- sufficiently distinctive about the 2011 fraud that you can say, oh, this has to have been the same person. So it- I don't think it would have survived a 404B analysis on identity. And I'm way over my time. Thank you. Okay. Thank you very much, counsel. The case- yeah. The case just argued is submitted.
judges: N.R. Smith, Watford, Korman